UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------X
DUTCH EXPRESS, LLC,                                  Case No. 1:24-cv-00703

                              *Plaintiff,*     **CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

      - against -

RAD POWER BIKES, INC.,

                                 *Defendant.*

---------------------------------------------------X

WHEREAS, Plaintiff DUTCH EXPRESS, LLC ("Plaintiff" or "Dutch Express") and Defendant RAD POWER BIKES INC. ("Defendant" and together with Plaintiff, the "Parties") are presently engaged in discovery; and

WHEREAS, some information sought by the Parties or contained in documents sought by the Parties is considered by one or more Parties to be of a confidential, private, sensitive, and/or proprietary nature; and

WHEREAS, the purpose of this Confidentiality Stipulation and Protective Order ("Stipulation" or "Order") is to permit discovery under the Federal Rules of Civil Procedure and the Local Civil Rules of this Court to proceed while maintaining the confidentiality of such documents and information; and

WHEREAS, pursuant to Fed. R. Civ. P. 26, the Court finds good cause exists for the issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action,

IT IS HEREBY STIPULATED as follows:

1

1. With respect to "Discovery Material" (i.e., information or documents of any kind produced or disclosed in the course of discovery in this action) that a person has designated as "Confidential" pursuant to this Stipulation (collectively, "Confidential Discovery Material" or "Confidential Information"), the Parties and persons and/or entities that may assist the Parties in this lawsuit shall expressly agree to be subject to this Stipulation and may not use or disclose such Confidential Discovery Material except as permitted by this Order.

2. A party or non-party producing or disclosing Discovery Material may designate as "Confidential" those portions of documents, testimony, information, and/or other Discovery Materials that are reasonably and in good faith considered by the party or non-party to contain non-public and sensitive business, financial, personnel, personal, patient, and/or health information. Each document or page of Discovery Material (other than deposition testimony and exhibits) containing Confidential Discovery Material shall be marked with the word, "CONFIDENTIAL," in a manner that will not interfere with legibility or audibility.

3. In addition, a party may designate as "Confidential" any Discovery Material produced by a party and/or non-party and containing personally identifiable information as that term is defined by New York's Personal Privacy Protection Law ("PPPL"), compensation, financial, personnel, personal, and/or health information by notifying counsel for the parties in writing. Upon receipt of a notice by the party designating Discovery Material described in the preceding sentence as Confidential, the producing party shall produce substitute copies of the Discovery Material at issue marked as "CONFIDENTIAL" and the receiving party shall destroy in a manner not retrievable all copies of the Discovery Material at issue that are not marked as "CONFIDENTIAL."

4. A party (via counsel) may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material either by: (a) indicating on the record during the deposition that a question calls for (or an answer reveals) Confidential Information, in which case the court reporter will bind the transcript of the designated testimony and/or exhibit in a separate volume and market it as "CONFIDENTIAL DISCOVERY MATERIAL GOVERNED BY PROTECTIVE ORDER"; or (b) notifying the reporter and all counsel of record, in writing, within thirty (30) days after a deposition has concluded and the witness has received the final deposition transcript from the court reporter, of the specific pages and lines of the transcript that are to be designated as "Confidential," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the designating party. During the thirty-day period following a deposition and witnesses receipt of the final transcript, all parties and persons subject to this order will treat the entire deposition transcript as if it had been designated as "CONFIDENTIAL."

5. Confidential Discovery Material shall be used only for the purposes of this litigation and not used for any other purpose whatsoever and shall not be disclosed, given, shown, discussed, or otherwise communicated or made available to anyone except as provided in this Stipulation.

6. Subject to the terms of this Order, Confidential Discovery Material may be disclosed only to "Qualified Persons." "Qualified Persons" means:

   a. The Parties' insurers, and present or former employees, officers, or directors, provided that disclosure to present or former employees is permitted only if and the extent such individual's review of Confidential Material is reasonably necessary to assist in the prosecution, defense, and/or settlement of this litigation. Further, disclosure to former employees described in the preceding sentence is only permitted if such persons have first executed a Non-Disclosure Agreement in the form annexed as Exhibit A. Disclosure subject to this Order and the Non-Disclosure Agreement shall be narrowly tailored to provide only that information which is

       necessary for the recipient's assistance in the litigation. For the avoidance of doubt, Qualified Persons cannot keep any Confidential Material upon the termination of the case.

    b. Parties' outside counsel, including, without limitation, counsel of record, legal assistant, secretary, clerk, and/or personnel employed or retained by outside counsel, and any outside vendors (such as copy-service providers and document management consultants) hired or retained by outside counsel and assigned to this matter;

    c. any expert employed, retained, or consulted by the Parties or counsel for the Parties for the sole purpose of assisting such counsel in litigation of this action and other person retained by such expert to assist in this litigation, provided that such expert and any such persons have first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

    d. this Court, including any appellate court, its support personnel, and court reporters provided that any proceedings or disclosure that identifies the substance of Confidential Discovery Material shall, if appropriate, be designated as "Confidential" by the Court;

    e. As to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy, but, in all events such person may not retain a copy of such information;

    f. Mediators, referees, or other neutral designees of the Court or the parties for the purposes of dispute resolution, provided that such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

    g. Qualified court reporters, stenographers, and/or videographers recording testimony involving such Confidential Discovery Material and any necessary stenographic and clerical personnel thereof; and

    h. Any other witnesses or prospective witnesses in this litigation, if and to the extent his or her review of the Confidential Discovery Material is reasonably and in good faith necessary to assist in the prosecution, defense, and/or settlement of this litigation, provided that such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto (but a deponent need not execute a Non-Disclosure Agreement in order to be shown or questioned about Confidential Discovery Material in a deposition) and provided that such person may not retain a copy of such Confidential Discovery Material.

7.     A party's disclosure of Discovery Material to a Qualified Person without designating it as Confidential shall not constitute a waiver of that party's right to designate such Material as Confidential. If, before trial, a party inadvertently fails to mark Discovery Material as Confidential as permitted under Paragraphs 2, 3, and 4 of this Stipulated Order, the party may notify the other parties in writing of the claimed inadvertent failure and provide substitute copies of the Discovery Material at issue marked as CONFIDENTIAL. Within ten (10) days of the

4

receipt of the substitute copies, the other Parties shall return or destroy in a manner not retrievable the unmarked items and all copies thereof that they received.

8. Any party who objects to any designation of confidentiality may at any time before trial serve upon the designating party's counsel a written notice stating with particularity the grounds for the objection. The parties shall follow the Local Civil Rules of this Court and the Court's Individual Rules and Practices in Civil Cases ("Individual Practices") in addressing any disputes over the designation of confidentiality. Pending resolution by mutual agreement of the Parties or order of the Court, the Discovery Material subject to the dispute shall be treated as Confidential under the terms of this Stipulated Order.

9. Nothing in this Stipulation will affect the rights of any party to disclose or authorize disclosure of their own Confidential Discovery Material.

10. Nothing herein shall limit any party's ability to introduce into evidence, quote from, or describe Confidential Discovery Material in any proceeding conducted in or by the Court or in any pleadings, motions or other papers filed with the Court, provided that, in filing Confidential Discovery Material that constitutes or contains "sensitive information" and/or information requiring "caution" as defined in Section 6(b) of the Court's Individual Practices, the Parties shall publicly file redacted copies of the Confidential Court Submission via the Electronic Case Filing System and serve unredacted copies on all counsel of record and the Court, as set forth in Section 6 of the Court's Individual Rules and Practices in Civil Cases. In filing with the Court any other Confidential Discovery Material, the parties shall comply with Sections 6(c) and (d) of the Court's Rules and Individual Practices in Civil Cases.

11. Any party may ask the Court for procedures to preserve the confidentiality of Confidential Information used at a hearing, court conference, and/or trial. If Discovery Material

previously designated as Confidential Information is disclosed at a hearing or court conference, the parties shall remain obligated to treat the Discovery Material at issue as Confidential under the terms of this Stipulation, except as otherwise ordered by the Court.

12. Within sixty days of the final disposition of this action – including all appeals – all recipients of Discovery Material designated as Confidential by an opposing party shall destroy such Material in a manner not retrievable, including all copies thereof both in the party's and Qualified Persons' possession, and shall certify in writing to the designating party that such Confidential Material has been destroyed, provided that nothing requires outside counsel or any party to return or destroy archival copies of Confidential Discovery Material provided that such archival copies are subject to the party's normal document retention policies. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

13. The inadvertent production of privileged or work product-protected documents, including, without limitation, electronically stored information ("ESI"), or other information is not a waiver of the privilege or protection from discovery in this case or in any other proceeding. If a producing party claims to have inadvertently produced Discovery Material that it believes is privileged, it shall notify the receiving party's counsel in writing, and identify the Discovery Material that it claims is privileged and was inadvertently produced. Upon receipt of notification that Discovery Material claimed to be privileged was inadvertently produced, the receiving party shall immediately return the Discovery Material claimed to be privileged, and any copies thereof, and confirm to the producing party in writing that all electronic copies of the document have been deleted or destroyed. The producing party shall update its categorical privilege log to reflect the Discovery Material that it claims is privileged and was inadvertently produced. This paragraph

does not constitute a waiver of the receiving party's right to challenge the claim of privilege or of inadvertent production.

14. Nothing contained in this Stipulation will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; (c) a waiver of any objection to the use, relevance, or admissibility at trial or otherwise of Discovery Materials; and/or (d) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

15. Any party may seek from the Court any modification of this Stipulation, provided such party has first attempted in good faith to secure the consent of the designating party to such modification.

16. The terms of this Stipulation shall survive and remain in full force and effect after the termination of this lawsuit and continue to be binding upon all persons to whom Confidential Material is produced or disclosed (other than those identified in Section (e)).

17. The Court will retain jurisdiction over all persons subject to this Stipulation (other than those in Section 6(d)) to the extent necessary to enforce any obligations arising hereunder.

18. The procedures in this Stipulation shall not govern the manner in which Confidential Discovery Material will be used at trial, and any party may apply to the Court for an order setting forth the confidentiality procedures and/or protections to be used at trial.

SO ORDERED:   March 13, 2025   _____

Hon. Dale Ho

SO STIPULATED

Dated:         New York, New York     STEIN ADLER DABAH & ZELKOWITZ LLP
                March 12, 2025

By:    */s/ Perri Koll*
       Jonathan L. Adler
       Noam Besdin
       Perri Koll
       Noelle M. Harvey
936 Broadway, 5th Floor
New York, New York 10010
(212) 867-5620
jadler@steinadlerlaw.com
nbesdin@steinadlerlaw.com
nharvey@steinadlerlaw.com
*Attorneys for Plaintiff Dutch Express, LLC*


By:    */s/ Lawrence J. Luppi*
       Lawrence J. Luppi
COFFEY MODICA, LLP
100 White Plains Road
Tarrytown, New York 10591
(914) 221-6552
lluppi@coffeymodica.com

McCOY LEAVITT LASKEY LLC
202 US Route 1, Suite 200
Falmouth, ME 04105
(207) 835-0535
Jgiroux@mlllaw.com
afeeley@mlllaw.com
*Attorneys for Defendant Rad Power Bikes Inc.*

8

EXHIBIT "A"

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------X
DUTCH EXPRESS, LLC,                        Case No. 1:24-cv-00703

                *Plaintiff,*

    - against -                                **NON-DISCLOSURE AGREEMENT PURSUANT TO CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

RAD POWER BIKES, INC.,

                *Defendant.*

---------------------------------------------------X

The undersigned hereby acknowledges that he or she has read the Confidentiality Stipulation and Protective Order, dated March 12, 2025 ("Stipulation") in the above-captioned action, understands the terms thereof, and agrees to be bound by those terms as if a signatory to the Stipulation. The undersigned agrees not to use documents or information designated as Confidential Information for any purpose other than this litigation, not to disclose such Confidential Information to anyone except as permitted in the Stipulation, and to return all such documents and information to the party or attorney from whom the undersigned received it. The undersigned hereby consents to the jurisdiction of the United States District Court, Southern District of New York with respect to any controversy arising out of an alleged violation of the Order or this Agreement and understands that any violation of the Order or this Agreement could subject the undersigned to punishment for contempt of Court.

9

_____                              _____
              Date                                                                              Signature

 

                                                                               _____
                                                                                           Name Printed
                                                                               _____
                                                                               _____
                                                                               _____
                                                                                          Business Address
                                                                               (including Name of Employer, if any)